SO ORDERED: April 08, 2011.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                )
RICKEY L. O'NEAL and                  )     CASE NO. 09-94263-BHL-13
DEBRA S. O'NEAL,                      )
      Debtors.                        )

### ORDER ON
### DEBTORS' MOTION FOR SANCTIONS

This matter comes before the Court on the Debtors' **Motion for Sanctions for Violation of Discharge Injunction under 11 U.S.C. § 362** [Docket # 43 ] filed on January 10, 2011. **M & I Bank, FSB's Response to Debtors' Motion for Sanctions** was filed on January 27, 2011, and a hearing was held on February 8, 2011, at which time the Court allowed the parties an opportunity to file additional Memoranda in support of their respective positions. **M & I Bank, FSB's Memorandum in Support of its Response to Debtors' Motion for Relief from Judgment/Order and Debtors' Motion for Sanctions** was filed on February 21, 2011.

The Court, having considered the foregoing and being otherwise fully and sufficiently advised, now finds that the secured party, M & I Bank, FSB [the "Bank"], wilfully violated the

automatic stay by virtue of taking a personal judgment against the debtors in a pending state court proceeding. The Bank's Motion seeking relief from the automatic stay clearly did not address the taking of a personal judgment against the Debtors. However, when the Motion was unopposed, the Bank submitted an order, not only allowing it to pursue an in rem action and foreclose on the real estate, but to also take a judgment on the note.

In short, the Bank sought limited relief from this Court but expanded that relief by the insertion of a few words in the order. This was without notice to the Debtors' attorney, the Chapter 13 Trustee, or the Court. The Court enters hundreds, if not thousands, of orders a year in Chapter 13 cases and has always relied on counsel for the preparation of many of those orders for the Court's signature. It is imperative that the attorneys, as officers of the Court, submit orders that comply with their original request (if the motion is not opposed) or the final disposition of the matter. The failure to do so not only would result in serious administrative problems but would also constitute a major lapse of professional responsibility.

Many times orders submitted are not correct and the Court must amend the language or ask that they be resubmitted. This, however, does not appear to be a case where a mistake was made. The Bank thinks it is entitled to pursue the Note and obtain a personal judgment in state court and has argued that position. Although the Court sees certain pitfalls to the taking of such a "conditional" judgment, the Bank was certainly within its rights to come forward and seek such relief in its motion. The problem is, it did not. Thus, its actions violated the automatic stay.

A creditor proceeds at its peril when it has knowledge of the automatic stay. Once an entity has knowledge that a stay exists, that entity bears the risk of all intentional acts that violate the stay, regardless of whether it means to violate the stay. *In re Campion*, 294 B.R. 313 (BAP 9th Cir. 2003).

Further, a creditor may "willfully" violate the stay even if it believes in good faith that it has a right to take a certain action, *In re Schafer*, 315 B.R. 765 (Bank.D.Colo. 2004), or believes itself justified in taking the action found to be violative of the stay. *See, In re Sage Richmond, LLC*, 297 B.R. 57 (Bankr.E.D.Va. 2003).

Because of the Bank's actions and those of its attorneys, the Debtors incurred costs in defending the state court action and in bringing the present motion. Based upon the foregoing, the Court finds that sanctions are warranted against the Creditor, M & I Bank, FSB, and the law firm of Mercer Belanger, for the intentional violation of the automatic stay. The Court orders, therefore, that sanctions be awarded against M & I Bank, FSB, and Mercer Belanger, jointly and severally, in the amount of Five Hundred Dollars ($500.00) payable jointly to the Debtors and the Debtors' attorney.

###